IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEKEISHA RAMSEY, | |
| Plaintiff, | Civil Action File No. |
| vs. | |
| GEORGIA LONG TERM CARE AND CONSULTING, P.C., ANDREW TERENCE FRINKS, M.D., and YOLANDA FRINKS, | |
| Defendants. | |

# COMPLAINT

Plaintiff Mekeisha Ramsey ("Ramsey") brings this Complaint against Defendants Georgia Long Term Care and Consulting, P.C. ("Georgia Long Term Care"), Andrew Terence Frinks, M.D. ("Dr. Frinks") and Yolanda Frinks ("Mrs. Frinks") and shows the Court as follows:

## 1. INTRODUCTION

1.

This is an FLSA case. Defendants are Ramsey's former employers. They failed to pay Ramsey at one-and-one half times her regular rate for all work performed over forty hours during each work week of her employment.

## 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Georgia Long Term Care is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

4.

Ramsey resides in Fulton County, Georgia.

5.

Georgia Long Term Care employed Ramsey as a Billing Clerk in and around Atlanta, Georgia from March 8, 2008 until November 5, 2015.

6.

At all times material hereto, Ramsey has been an "employee" of Georgia Long Term Care as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

Georgia Long Term Care is a corporation organized under the laws of the State of Georgia.

8.

At all times material hereto, Georgia Long Term Care was an "employer" of Ramsey as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Georgia Long Term Care is subject to the personal jurisdiction of this Court.

10.

Georgia Long Term Care may be served with process through its registered agent Andrew Frinks, M.D., 3715 Northside Parkway, NW, Bldg. 2-100, Atlanta, Georgia 30327.

11.

At all times material hereto, Ramsey has been an "employee" of Dr. Frinks as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

12.

Dr. Frinks resides in Fulton County, Georgia.

13.

At all times material hereto, Dr. Frinks was an "employer" of Ramsey as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

Dr. Frinks is subject to the personal jurisdiction of this Court.

15.

Dr. Frinks may be served with process at his residence located at 5145 Powers Ferry Road, Atlanta, Georgia 30327 or wherever he may be located.

16.

At all times material hereto, Ramsey has been an "employee" of Mrs. Frinks as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

17.

Mrs. Frinks resides in Fulton County, Georgia.

18.

At all times material hereto, Mrs. Frinks was an "employer" of Ramsey as defined in FLSA § 3(d), 29 U.S.C. §203(d).

19.

Mrs. Frinks is subject to the personal jurisdiction of this Court.

20.

Mrs. Frinks may be served with process at her residence located at 5145 Powers Ferry Road, Atlanta, Georgia 30327 or wherever she may be located.

**4.   INDIVIDUAL COVERAGE:**

21.

From on or about March 2013 until November 5, 2015 (hereafter "the Relevant Time Period") Ramsey was "engaged in commerce" as an employee of Georgia Long Term Care as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**5.   ENTERPRISE COVERAGE:**

22.

During the relevant time period, two or more employees of Defendant, including Ramsey, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture and office supplies.

23.

At all times during the Relevant Time Period, Georgia Long Term Care was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

During 2013, Georgia Long Term Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During 2014, Georgia Long Term Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, Georgia Long Term Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2013, Georgia Long Term Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2014, Georgia Long Term Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Georgia Long Term Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2013, Georgia Long Term Care had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2014, Georgia Long Term Care had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

During 2015, Georgia Long Term Care had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

At all times during the Relevant Time Period, Georgia Long Term Care has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### 6. STATUTORY EMPLOYER

34.

At all times during the Relevant Time Period, Dr. Frinks exercised operational control over the Ramsey's work activities.

35.

At all times during the Relevant Time Period, Dr. Frinks was involved in the day to day operation of the Georgia Long Term Care in which Ramsey worked.

36.

At all times during the Relevant Time Period, Georgia Long Term Care vested Dr. Frinks with supervisory authority over Ramsey.

37.

At all times during the Relevant Time Period, Dr. Frinks exercised supervisory authority over Ramsey.

38.

At all times during the Relevant Time Period, Dr. Frinks scheduled Ramsey's working hours or supervised the scheduling of Ramsey's working hours.

39.

At all times during the Relevant Time Period, Dr. Frinks exercised authority and supervision over Ramsey's compensation.

40.

At all times during the Relevant Time Period, Mrs. Frinks exercised operational control over the work activities of Ramsey.

41.

At all times during the Relevant Time Period, Mrs. Frinks was involved in the day to day operation of the Georgia Long Term Care in which Ramsey worked.

42.

At all times during the Relevant Time Period, Georgia Long Term Care vested Mrs. Frinks with supervisory authority over Ramsey.

43.

At all times during the Relevant Time Period, Mrs. Frinks exercised supervisory authority over Ramsey.

44.

At all times during the Relevant Time Period, Mrs. Frinks scheduled Ramsey's working hours or supervised the scheduling of Ramsey's working hours.

45.

At all times during the Relevant Time Period, Mrs. Frinks exercised authority and supervision over Ramsey's compensation.

## 7. WHITE COLLAR EXEMPTIONS

46.

At all times during the Relevant Time Period, Ramsey was not exempt from the maximum hour requirements of the FLSA by reason of any legal exemption.

47.

At all times during the Relevant Time Period, Georgia Long Term Care did not employ Ramsey in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

48.

At all times during the Relevant Time Period, Georgia Long Term Care did not employ Ramsey in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

49.

At all times during the Relevant Time Period, Ramsey work involved the rote application of policies and procedures to bill the Company's clients.

50.

At all times during the Relevant Time Period, Ramsey's primary duties included data entry and invoice preparation.

51.

At all times during the Relevant Time Period, Ramsey did not exercise independent judgment and discretion in making significant business decisions on behalf of Defendants

52.

At all times during the Relevant Time Period, Georgia Long Term Care did not employ Ramsey in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

53.

At all times during the Relevant Time Period, Ramsey did not supervise two or more employees.

54.

At all times during the Relevant Time Period, Georgia Long Term Care did not employ Ramsey in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

55.

At all times during the Relevant Time Period, Ramsey regularly worked more than forty hours in a given workweek.

56.

At all times during the Relevant Time Period until August 2014, Defendants compensated Ramsey on an hourly basis.

57.

From March 2013 until July 2014, Defendants compensated Ramsey at a regular rate of $14.00 per hour.

58.

In August 2014, Defendants advised Ramsey that they would henceforth pay her on a "salaried" basis but at a rate of $16.00 per hour.

59.

After August of 2014, despite being told that she was being paid on a "salaried" basis, Ramsey's pay fluctuated from week to week.

60.

Ramsey's job duties did not change materially in conjunction with or after Defendants notification to her that she would be paid on a salary basis.

61.

At all times during the Relevant Time Period, Defendants paid Ramsey on a semi-monthly basis.

## COUNT 1 FAILURE TO PAY OVERTIME

62.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

63.

At all times during the Relevant Time Period, Ramsey has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

64.

At all times during the Relevant Time Period, Ramsey regularly worked in Defendants' employ in excess of forty (40) hours each week.

65.

At all times during the Relevant Time Period, Ramsey was paid at straight time wages without the overtime premium.

66.

Defendants failed to pay Ramsey at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 2013 through November 5, 2015.

67.

Defendants willfully failed to pay Ramsey at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 2013 through November 5, 2015.

68.

Ramsey is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of overtime compensation as alleged above, Ramsey is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of overtime compensation as alleged above, Ramsey is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally,

2. That Plaintiff be awarded liquidated damages in an amount equivalent to her due but unpaid overtime compensation against Defendants, jointly and severally;

3. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants jointly and severally; and

4. For such other and further relief as the Court deems just and proper. Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

*/s/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF