# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is between MeKeisha Ramsey ("Employee") and Georgia Long Term Care and Consulting, P.C., Andrew Terence Frinks and Yolanda Frinks (hereinafter referred to collectively as "Employer") (collectively with Employee the "Parties").

## RECITALS

Employee alleges violations of the Fair Labor Standards Act ("FLSA"). Employee seeks overtime compensation, as well as reasonable attorneys' fees and costs, as alleged in *MeKeisha Ramsey v. Georgia Long Term Care and Consulting, P.C., et al.*, Case No. 1:16-cv-01041-RWS (the "Action"), currently pending in the United States District Court for the Northern District of Georgia.

Counsel for Employee and counsel for Employer have engaged in extensive negotiations concerning the settlement of these claims.

Employee and Employee's counsel have concluded, based on their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute any litigation, the risks and costs of prosecution of such an action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Employer on the terms set forth herein is fair, reasonable, adequate, and in the best interests of Employee. Employee and Employee's counsel acknowledge and agree that the settlement amount outlined below compensates Employee fully for all past due compensation to which Employee believes she is entitled to under the FLSA or otherwise from Employer, plus fair and reasonable attorney's fees. Accordingly, Employee and Employee's counsel have agreed to settle these claims with Employer on the terms set forth herein.

Employer denies each and all of the claims asserted against it and makes no admission whatsoever of liability. Employer nevertheless desires to settle Employee's claims, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of litigation.

## AGREEMENT

1. **Recitals.** The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

2. **Settlement Consideration to Employee.** Employer will pay $19,273.87 to settle Employee's claims ("Settlement Amount").

The breakdown of the Settlement Amount is as follows:

   (i) A check payable to MeKeisha Ramsey for alleged overtime due in the gross amount of Three Thousand Seven Hundred and Seventy Two and Dollars and Ninety Cents ($3,772.90), which will be subject to total

standard deductions, for which Employer will issue Ramsey an IRS W2 form; and

(ii) A check payable to MeKeisha Ramsey for liquidated damages in the gross amount of Three Thousand Seven Hundred and Seventy Two Dollars and Ninety Cents ($3,772.90), without deductions, for which Employer will issue Ramsey an IRS Form 1099 indicating payment of non-wages under box 3; and

(iii) Three checks payable to Kevin D. Fitzpatrick, Jr., Attorney (Federal Taxpayer I.D. No. 20-2294023), totaling the amount of Eleven Thousand Seven Hundred and Twenty-Eight Dollars and Seven Cents ($11,728.07) for attorneys' fees and costs.

3. **Timing of Payment**. Employer will pay the Settlement Amount set forth in Section 2(i) - (ii) above within eight (8) days of Court approval of this Settlement. Employer will pay the Settlement Amount set forth in Section 2(iii) above in three increments of Three Thousand Nine Hundred and Nine Dollars and Thirty Six Cents ($3,909.36), the first to be paid within eight (8) days of Court approval of this Settlement, the second within thirty (30) days thereafter, and the third within sixty (60) days thereafter. Payment will be sent via First-Class U.S. Mail, addressed to:

DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC
c/o Kevin Fitzpatrick
101 Marietta Street, Suite 3100
Atlanta, GA 30303

4. **Releases**.

In consideration of the promises set forth in this Settlement Agreement, Employee fully, finally, and forever settles with, releases, and discharges the Released Parties (as defined below) of and from all Settled Claims (as defined below).

For purposes of this Settlement Agreement, "Released Parties" means and includes Georgia Long Term Care and Consulting, P.C., all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, faculty, independent contractors, representatives, attorneys, predecessors, successors, and assigns, as well as Andrew Terence Frinks and Yolanda Frinks and their assigns.

For purposes of this Settlement Agreement, "Settled Claims" means and includes any and all claims for unpaid wages or benefits, whether known or unknown, that Employee has had or now has against any of the Released Parties. This includes but is not limited to: (i) any alleged violations of the FLSA; and (ii) any alleged violations of any state's wage and hour laws.

5. **General Provisions**.

   a. **Entire Agreement**. This Settlement Agreement constitutes the entire agreement between and among the Parties with respect to the subject matter of this Agreement. This Settlement Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a document in writing signed by Employee, Employer and their respective attorneys. Such written document may be executed in counterparts with facsimile signatures and each shall have the force of an original.

   b **No Publicity**. Other than through necessary Court filings, Employee and Employee's Counsel shall not publicize this Settlement Agreement or discuss it with any representative of any print, radio or television media. Employer may make such disclosures of this Agreement as required under applicable corporate laws and obligations.

   c. **Time Periods/Dates**. The time periods and/or dates described in this Settlement Agreement are subject to change by written agreement of the Parties.

   d. **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts with facsimile signatures and each shall have the force of an original.

   e. **Legal Representation**. The Parties to this Settlement Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Settlement Agreement. Accordingly, the language used in this Settlement Agreement will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Settlement Agreement.

   f. **Choice of Law**. This Settlement Agreement shall be construed, enforced, and administered in accordance with the state laws of Georgia.

   g. **Exclusive Jurisdiction and Venue**. The appropriate state or federal court in Fulton County, Georgia will be the exclusive jurisdiction and venue for any dispute arising out of this Agreement. The parties voluntarily submit to the jurisdiction of these courts for any litigation arising out of or concerning the application, interpretation, or any alleged breach of this Agreement.

[SIGNATURES ON FOLLOWING PAGE]

Date: 10/12/14          Signature: _____
                                   MeKeisha Ramsey

Date: _____    Signature: _____
                                   Employee's Counsel

                        Georgia Long Term Care and Consulting, P.C.

Date: 10/18/16          By: _____

                        Andrew Terence Frinks, M.D.
Date: 10-18-16          By: _____

                        Yolanda Frinks
Date: 10/18/16          By: _____